OCTOBER TERM, 1882, No. 46.                    OCTOBER 10, 1882.

## Hays *v.* Baltimore & Ohio R. R. Co.

1. The award of damages of viewers, appointed under the act of 19th February, 1849, P. L., 79, to assess damages for the taking of land by a railroad company, bears interest only from the time of filing.
2. It is the duty of the jury to file the award ; and if they fail to do so, an order of Court could be had to hasten them.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to Court of Common Pleas No. 1 of *Allegheny County*.

[Hays *v.* Baltimore & Ohio R. R. Co.]

*Assumpsit* by John S. Hays, surviving executor and trustee under the last will and testament of James H. Hays, deceased, against The Baltimore & Ohio Railroad Company, operating The Pittsburgh & Connellsville railroad.

The following facts were agreed upon in said action in the nature of a case stated.

The Pittsburgh & Connellsville Railroad Company, on the 2d of April, 1881, presented a petition to the Court of Common Pleas No. 1. of Allegheny county, at No. 189 June term, 1881, (the record of which case is to be treated as part hereof,) praying for the appointment of viewers under the provisions of the act of Assembly of Pennsylvania, approved the 19th of February, 1849, (P. L., 83,) to assess damages sustained by the heirs of James H. Hays, deceased, for the taking of land by said company which they had previously appropriated for the purposes of their road.    Viewers having been appointed in accordance with the prayer of the petition, afterwards met on the premises for the purposes of their appointment, and on the 3d of May, 1881, reported in favor of said heirs, awarding to them $34,575 for the damages so sustained by them as aforesaid.    This report was on the same day delivered by the viewers to the counsel of said company, but was not filed in Court until the 18th of June, 1881, when the same was confirmed *nisi*, and no exceptions having been filed to the same, was afterward, on the of July, 1881, confirmed absolutely.    The said heirs have received the said sum of $34,575 from said company, with interest from the 18th of June, 1881, and entered satisfaction in full of said award without prejudice to their right to recover more in this action of assumpsit against the said railroad company, defendant, if entitled thereto, and they claim to be entitled, in addition to the above amount recovered by them as aforesaid, to recover also interest on the said principal sum of $34,575 from the date of said award, to wit, the 3d day of May, 1881, to the date of the filing thereof in Court, amounting to the sum of $266 80.

If the Court be of opinion that the heirs of James H. Hays, deceased, defendants in the above entitled proceedings at No. 189, June Term, 1881, were entitled to interest on the award of said viewers from the date thereof, to wit, May 3d, 1881, and not merely from the date of the filing of the same in Court, then judgment to be entered for the plaintiff and against the defendant for the said

[Hays *v.* Baltimore & Ohio R. R. Co.]

sum of $266 80, with interest from October 4, 1881, otherwise judgment to be entered for the defendant.

The costs to follow the judgment, and either party reserving the right to sue out a writ of error therein.

The Court below, STOWE, J., entered the following judgment:

January 25, 1882, being of opinion that under the foregoing case stated, the plaintiff is not entitled to recover, judgment is now entered thereon in favor of defendant with costs.

Plaintiff's attorney excepted. Plaintiff then took out a writ of error, assigning as error the entering of judgment for defendants on the case stated.

*Thomas C. Lazear* for plaintiff in error.

The owner of the land taken is entitled to interest from the date of such appropriation: R. R. Co. *v.* Cooper, 58 Penna. St., 408; R. R. Co. *v.* Burson, 61 Penn. St., 380; R. R. Co. *v.* Gesner, 20 Penna. St., 240; R. R. Co. *v.* Greely, 3 Foster, (N. H.,) 237; Philadelphia *v.* Dyer, 41 Penna. St., 463.

The delay in filing the award was not caused by plaintiff. It was the company's duty to file it immediately.

*Johns McCleave* for defendant in error.

The act of 19 February, 1849, section eleven, makes the sum awarded payable only when judgment is entered thereon. Interest is allowable only after the sum is due: Second St., Harrisburg, 66 Penna. St., 132; Miskey *v.* City of Philadelphia, 68 *Ibid*, 48; Haley *v.* City of Philadelphia, *Ibid*, 46; Norris *v.* City of Philadelphia, 70 *Ibid*, 332; Kelsey *v.* Murphy, 6 Casey, 340; Phillips *v.* Pease, 39 Cal., 582.

Plaintiff had power to compel the immediate filing of the report.

OCTOBER 23D, 1882.—PER CURIAM: We are of opinion that the judgment in this case was clearly right. The award of damages only bears interest from the time of filing. It was the duty of the jury to file the award, and if they failed, the plaintiff could have hastened them by an order of the court.

Judgment affirmed